IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| ARNOLD RAY PODBER, as | ) | |
| Trustee of ABE PODBER MARITAL | ) | |
| TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, JAMES R. JOHNSON, by and through the undersigned counsel, and files this, his Complaint against Defendant ARNOLD RAY PODBER, as Trustee of ABE PODBER MARITAL TRUST pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and

1

violations of Title III of the ADA.

2.    Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.    Plaintiff JAMES R. JOHNSON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Decatur, Georgia (Dekalb County).

4.    Plaintiff is a quadriplegic and is disabled as defined by the ADA.

5.    Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6.    Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7.    Defendant ABE PODBER MARITAL TRUST (hereinafter "Defendant") is, upon information and good faith belief, a trust formed under the laws of the State of Georgia, and transacts business in the State of Georgia and within this judicial district.

8.    Defendant may be properly served with process via its named Trustee (or co-Trustee), to wit: Arnold Ray Podber, 7830 Landowne Drive, Atlanta, Georgia, 30350.

## **FACTUAL ALLEGATIONS**

9.     On or about July 17, 2022, Plaintiff was a customer at "Corner Cup," a business located at 2625 Lawrenceville Highway, Decatur, Georgia 30033.

10.     Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The two separate structures and improvements situated upon said real property shall be referenced herein as the "East Facility" and the "West Facility" (together, the "Facilities"), and said real property shall be referenced herein as the "Property").

11.     Plaintiff lives approximately four (4) miles from the Facilities and Property.

12.     Plaintiff's access to the business(es) located at 2625 Lawrenceville Highway, Decatur, Georgia 30033, (DeKalb County Property Appraiser's parcel number 18 146 04 004), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

13.     Plaintiff has visited the Facilities and Property at least once before and

intends on revisiting the Facilities and Property once they are made accessible.

14.    Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

15.    Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF THE ADA AND ADAAG**</u>

16.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17.     The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19.    Each Facility is a public accommodation and service establishment.

20.    The Property is a public accommodation and service establishment.

21.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991,

the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

23.    Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24.    Each Facility must be, but is not, in compliance with the ADA and ADAAG.

25.    The Property must be, but is not, in compliance with the ADA and ADAAG.

26.     Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in his capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities,

privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27.     Plaintiff intends to visit the Facilities and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29.     Defendant will continue to discriminate against Plaintiff and others

with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

(a) **EXTERIOR ELEMENTS:**

(i) The accessible parking space on the Property that services the West Facility has signage that is not affixed at a permissible height, is not adequately marked, does not have an adjacent access aisle, in violation of sections 502.1, 502.3 and 502.6 of the 2010 ADAAG standards.

(ii) There are no disabled accessible parking spaces on the Property servicing the East Facility that comply with section 502 of the 2010 ADAAG standards, in violation of section 208 of the 2010 ADAAG standards. In the alternative, the accessible parking

space(s) on the Property are missing signage, inadequately marked and do not have adjacent access aisles, in violation of sections 208.2, 502.1, 502.3 and 502.6 of the 2010 ADAAG standards.

(iii)   The accessible ramp on the Property that services the East Facility is situated before a standard parking space, and thus the ramp is obstructed when vehicles are parked in such standard space, resulting in the ramp's width being below the minimum 36" (thirty-six inches), in violation of sections 403.5.1 and 502.7 of the 2010 ADAAG standards.

(iv)   Further, the above-described ramp is located in the far southeastern corner of the Property, and thus there are no other accessible routes that coincide with, or are located in the same area as, general circulation paths that provide access to the East Facility, in violation of section 206.3 of the 2010 ADAAG standards.

(v)    The above-described ramp also has a running slope in excess of 1:12 (one to twelve), and its side flares have slopes in excess of 1:10 (one to ten), in violation of sections 405.2 and 406.3 of the

2010 ADAAG standards.

(vi)   The accessible route on the Property leading from the above-described accessible ramp to the accessible entrances of the East Facility has a cross-slope in excess of 1:48 (one to forty-eight), in violation of section 403.2 of the 2010 ADAAG standards.

(vii)   Further, due to a lack of parking stops that encourage vehicles to pull up far enough to block the accessible route to the entrances of the East Facility, along with the placement of tables, chairs and other obstructions within the accessible route, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36" (thirty-six inches) inches required by section 403.5.1 of the 2010 ADAAG standards.

**(b)   INTERIOR ELEMENTS:**

(i)   The "Corner Cup" portion of the East Facility lacks restroom signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii)   The hardware on the restroom door in the "Corner Cup" portion

of the East Facility has operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iii)   The centerline of the commode in the restroom in the "Corner Cup" portion of the East Facility is not correctly positioned from the sidewall or partition, in violation of section 604.2 of the 2010 ADAAG standards.

(iv)   The rear grab bar adjacent to the commode in the accessible restroom in the "Corner Cup" portion of the East Facility does not comply with section 604.5 of the 2010 ADAAG standards. Specifically, the rear grab bar is too short.

(v)   Due to a policy of keeping a trash receptacle and stepping stool under the sink, the restrooms in the "Corner Cup" portion of the East Facility have a sink with inadequate knee and toe clearance in violation of section 606.2 of the 2010 ADAAG standards.

(vi)   The lavatories and/or sinks in the restrooms in the "Corner Cup" portion of the East Facility have exposed pipes and surfaces that are not insulated or configured to protect against contact with the skin, in violation of section 606.5 of the 2010

ADAAG standards.

**(c)     POLICY ELEMENTS**

(i)     The Facilities and Property have not been adequately maintained in operable working condition for those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities, in violation of section 28 C.F.R. § 36.211.

(ii)    Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facilities and Property are readily accessible to, and usable by, disabled individuals.

31.    Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to locate and utilize an accessible parking space on the Property, more difficult and dangerous for Plaintiff to utilize the ramp servicing the Property, more difficult and dangerous for Plaintiff to travel upon the accessible routes on the Property, and rendered the restroom in the "Corner Cup" portion of the East Facility inaccessible to Plaintiff.

32.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the

Facilities and Property.

33.     Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property that are in violation of the ADA.

34.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.      All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

36.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be

modified to comply with the 1991 ADAAG standards.

39.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

40.    Plaintiff's requested relief serves the public interest.

41.    The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42.    Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant in violation of the ADA and ADAAG;

(b)    That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c)    That the Court issue an Order requiring Defendant to (i) remove the

physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: July 28, 2022.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (404) 365-4460
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich